IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE MORRIS,<br><br>      Plaintiff,<br>  v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P., et al.,<br><br>      Defendants                  / | No. C-06-1289 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING AS MOOT ASTRAZENECA'S MOTION TO STAY; DISMISSING ACTION WITHOUT PREJUDICE** |

      Before the Court is plaintiff's motion for administrative relief, filed August 4, 2006, by which plaintiff requests the Court dismiss the above-titled action without prejudice. Defendants AstraZeneca Pharmaceuticals, L.P., and AstraZeneca, L.P. (collectively, "AstraZeneca") have filed opposition. Defendant Eli Lilly & Company ("Eli Lilly") has not filed opposition or other response to plaintiff's motion. Also before the Court is AstraZeneca's motion for administrative relief to stay the action, pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether plaintiff's claims against AstraZeneca should be transferred to the Middle District of Florida for inclusion in In re Seroquel Products Liability Litigation, MDL No. 1769.

      A plaintiff is entitled to a dismissal without prejudice unless the defendant demonstrates it will "suffer some plain legal prejudice as a result of the dismissal." See Hamilton v. Firestone Tire & Rubber Co., 679 F. 2d 143, 145 (9th Cir. 1982).

Plaintiff's counsel, apparently anticipating the transfer of his claims against AstraZeneca to the Middle District of Florida, states plaintiff does not wish to proceed with his claims therein, preferring instead to refile in a state court, in the event plaintiff decides to refile at all.  In opposition, AstraZeneca argues a refiling would defeat the purposes of the MDL Panel's order creating multidistrict litigation.  AstraZeneca, however, cites no authority holding such result constitutes cognizable prejudice for purposes of defeating plaintiff's motion to dismiss.  Further, plaintiff's claims arise under state law, and "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."  See American Nat'l Bank and Trust Co. v. BIC Corp., 931 F. 2d 1411, 1412 (10th Cir. 1991); see also Wetlands Water Dist. v. United States, 100 F. 3d 94, 97 (9th Cir. 1996) (citing favorably to American Nat'l Bank).  Consequently, AstraZeneca has not shown it will be prejudiced if plaintiff's motion is granted.[1]

AstraZeneca alternatively argues that any dismissal without prejudice should be conditioned on plaintiff's refiling his complaint in a federal district court with proper venue, not adding any defendant that would destroy diversity, and not objecting to transfer to the MDL proceeding in the Middle District of Florida.  In short, the conditions would require any refiled action to be litigated in the Middle District of Florida.  AstraZeneca cites no authority in support of the imposition of such conditions and, under the circumstances pertaining herein, the Court finds such conditions are not warranted

Accordingly, plaintiff's motion is hereby GRANTED, and the above-titled action is DISMISSED without prejudice.  AstraZeneca's motion to stay is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 10, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] As noted, Eli Lilly has not responded to the motion and, consequently, has made no showing with respect to prejudice.